UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FERNANDO D. PAYNE,

Plaintiff,

v. Case No. 3:15cv462/LC/CJK

LARRY R. ASHLEY, et al.,

Defendants.
_______________________/

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 22). Upon review of the complaint, the court concludes that plaintiff's claims concerning the handling of his grievances and mail should be dismissed for failure to state a claim on which relief may be granted, that plaintiff's claims for injunctive relief and compensatory damages should be dismissed, and that plaintiff's claims concerning overcrowded and unsanitary conditions of confinement should be remanded to the undersigned for further proceedings.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this lawsuit in October of 2015, while confined in the Okaloosa County Department of Corrections (hereinafter "Okaloosa County Jail")

in Crestview, Florida. (Doc. 1, p. 2).[1] Plaintiff was released from the Okaloosa County Jail in January of 2016, (*see* Docs. 11, 13), and currently resides in Valparaiso, Florida. (Doc. 22, p. 7).

Plaintiff has filed a second amended civil rights complaint naming five defendants, all officials with the Okaloosa County Jail: Chief Administrator Paul Lawson, Major Stefan Vaughn, Captain Joseph Foley, Captain Patrick Hanratty, and Program Manager Tammy Matthews. (Doc. 22, p. 2). Plaintiff claims defendants Lawson, Vaughn, Foley and Hanratty violated his rights under the Eighth and Fourteenth Amendments when they exposed him and other inmates to overcrowded and unsanitary living conditions. (Doc. 22, pp. 5A, 6). Plaintiff claims defendants Hanratty, Foley and Vaughn also violated his rights under the First Amendment when Hanratty responded to grievances addressed to Hanratty's superiors (Foley and Vaughn), and Foley and Vaughn failed to personally respond to those grievances. (Doc. 22, p. 6). Plaintiff claims defendant Matthews violated the First Amendment, as well as the Fourth Amendment's guarantee "to be safe in persons, papers and effects . . . due to mail being withheld, delayed, and destroyed." (Doc. 22, p. 6). As relief, plaintiff seeks "to rectify the violations of the aforementioned [constitutional]

---

[1] Plaintiff was detained in the Okaloosa County Jail upon a report that he violated his probation. *See* http://www.okaloosaclerk.com, *State of Florida v. Fernando Delano Payne*, Case No. 2006-CF-001874.

amendments," and compensatory damages in the amount of $300,000.00. (Doc. 22, pp. 6, 7).

DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then

determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id*. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id*., 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

1. the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's conditions-of-confinement claim alleges that the Okaloosa County Jail was "extremely overcrowded." (Doc. 22, p. 5A). Plaintiff explains that 56 men utilized facilities containing only 30 beds, 6 toilets and 2 showers. With regard to sanitation, plaintiff alleges:

> The toilets are in constant use; there is urine in the showers, which in itself poses a safety hazard. These facilities don't receive proper sanitation or cleaning. There is no exhaust system. The lack of an exhaust system leave[s] the air with the perpetual stench of fecal matter and urine.

(Doc. 22, p. 5A). Plaintiff adds that there is "no water to bathe for extended periods of time." (*Id*.). Concerning mattresses, plaintiff alleges that "[t]he accumulation of plastic sleeping slabs which the remaining 26 men must sleep on in the day room and in the cells pose a constant fire hazard. The congestion of pathways to safety exits is a violation of the Safety Code. . . . If an emergency situation should arise, there is the threat of trampling and fighting to reach the only exit." (*Id*.).

In *Jacoby v. Baldwin Cnty*., 835 F.3d 1338 (11th Cir. 2016), the Eleventh Circuit articulated this standard for evaluating a pretrial detainee's challenge to the conditions of his confinement:

> While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 1872 n.16, 60 L. Ed. 2d 447 (1979) (using the Fifth Amendment Due Process Clause). The Supreme Court established the standard for substantive due process claims raised by pretrial detainees in Bell. Bell teaches that "a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535, 99 S. Ct. at 1872; see also McMillian v. Johnson, 88 F.3d 1554, 1564 (11th Cir.), amended on other grounds on reh'g by 101 F.3d 1363 (11th Cir. 1996). However, the government "may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell, 441 U.S. at 536-37, 99 S. Ct. at 1873.
>
> "[W]hether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose." Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Bell, 441 U.S. at 538, 99 S. Ct. at 1873). "[A]n expressed intent to punish on the part of detention facility officials" is sufficient, but not necessary, to establish unconstitutional pretrial punishment. Bell, 441 U.S. at 538, 99 S. Ct. at 1873-74; see also McMillian, 88 F.3d at 1564. "[A] court [also] permissibly may infer that the purpose of the governmental action is punishment" if the "restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless." Bell, 441 U.S. at 539, 99 S. Ct. at 1874.

> Bell effectively creates a two-part test. First, a court must ask whether any "legitimate goal" was served by the prison conditions. Second, it must ask whether the conditions are "reasonably related" to that goal.

*Id*. at 1344-1345.

Plaintiff's allegation of overcrowding (twice the number of inmates than beds) is not enough to establish that the conditions at the jail were unconstitutional. *Bell v. Wolfish*, 441 U.S. 520, 543, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (holding that "double-bunking" – placing two pretrial detainees in a cell intended for one – did not amount to punishment and did not, therefore, violate detainees' rights under the Due Process Clause); *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 975 (11th Cir. 2011) (holding that neither the placement of mattresses in an overcrowded cell, nor the assertion that the mattresses constituted a fire hazard, was sufficient to state a constitutional claim). Nonetheless, viewed in combination with the allegations concerning unsanitary bathroom facilities and lack of water for extended periods, the undersigned finds plaintiff's allegations sufficient to survive preliminary screening under § 1915(e)(2)(B). *See, e.g., Jordan v. Doe*, 38 F.3d 1559, 1565, 1567 (11th Cir. 1994) (holding that pretrial detainee's allegations that he "was forced to sleep on the floor due to overcrowding, that vermin, roaches and mice were rampant, the plumbing was faulty, and that conditions were filthy" were sufficient to survive a motion to dismiss for failure to state a claim; but ultimately holding that the

government officials were entitled to qualified immunity). Plaintiff's remaining claims must be dismissed.

Plaintiff fails to state a plausible constitutional claim arising from defendants Hanratty, Foley and Vaughn's alleged failure to properly process, or respond to, his grievances. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (holding that inmates have no constitutionally-protected liberty interest in access to a prison's grievance procedure); *see, e.g., Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, [an inmate] does not have a federal constitutional right within that administrative-grievance procedure." (*citing Bingham*)); *Moore v. Mclaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (holding that prisoner had no constitutionally protected liberty interest in access to prison's grievance procedure, and thus, could not base a § 1983 claim on prison officials' alleged failure to respond appropriately to his grievances (*citing Bingham*)).

Plaintiff's conclusory assertion that defendant Matthews' handling of mail violated the Constitution is devoid of any specific facts underpinning that conclusion. For example, plaintiff states in broad and general terms that mail was "withheld, delayed, and destroyed", but he fails to establish that his own mail was affected (as opposed to other inmates' mail), and fails to provide any further

information about the incident(s) (*e.g*., how often it occurred, the nature of the mail affected, the basis on which it was delayed or destroyed, etc.). Plaintiff has failed to cure this deficiency despite prior opportunity to amend. (*See* Doc. 18). Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678.

In addition, plaintiff cannot recover the particular relief he is requesting, that is, injunctive relief and compensatory damages. Plaintiff's request for injunctive relief – that the conditions at the jail be "rectified", is moot in light of his release. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that claims regarding treatment at a facility at which prisoner was no longer incarcerated were moot); *Zatler v.Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *McKinnon v. Talladega Cnty*., 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief).

As to plaintiff's request for compensatory damages, the Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e).[2] "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm of which he complains occurred while he was in custody. Plaintiff identifies no physical injury arising from the defendants' alleged conduct, and is therefore barred by § 1997e(e) from recovering compensatory or punitive damages. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in relevant part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and

---

[2] The PLRA applies to plaintiff, because he initiated this lawsuit while he was a prisoner. *See* 28 U.S.C. § 1915(h).

precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury); s*ee also, e.g.*, *Logan v. Hall*, 604 F. App'x 838, 840-41 (11th Cir. 2015) (holding that § 1997e(e) barred prisoner from recovering compensatory or punitive damages on his First Amendment claim).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's First Amendment claims against defendants Hanratty, Foley and Vaughn be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

2. That plaintiff's claims against defendant Matthews be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

3. That this case be remanded to the undersigned for further proceedings on plaintiff's overcrowding/unsanitary conditions-of-confinement claim against defendants Lawson, Hanratty, Foley and Vaughn, including the filing of a third amended complaint removing the claims dismissed herein and removing plaintiff's request for injunctive relief and compensatory damages.

At Pensacola, Florida this 2nd day of December, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.